IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY MORRISON, JR., # B-26659, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-977-MJR |
| | ) |
| PHILIP McLAUREN, | ) |
| JACK DINGES, | ) |
| LEVI BRIDGES, | ) |
| CAMERON REID, | ) |
| and MATT SCOTT, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a 14-year sentence for a drug offense. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, to seek redress for violations of his constitutional rights while he was a pretrial detainee at the St. Clair County Jail ("the Jail").

In his complaint, Plaintiff claims that he was subjected to "poor and inadequate living conditions" while he was a prisoner at the Jail (Doc. 1, p. 1). These conditions included overcrowding, filthy floors, infestation of mice and insects, foul odors of human feces from the toilet areas, rusty showers, and peeling paint (Doc. 1, pp. 1, 3). Defendants did not provide Plaintiff with adequate cleaning supplies or materials to mitigate these conditions. Plaintiff had to sleep on the filthy floors due to the overcrowded jail population.

In addition, Plaintiff was denied recreational time in the yard or gym because of the overcrowded conditions, and indicates he could not engage in physical exercise as a result

(Doc. 1, pp. 1, 3).  He claims that the food portions were too small and that the menu was not being followed properly (Doc. 1, p. 3).  He was not given adequate access to the law library (Doc. 1, p. 1).  He was "subjected to medical issues" due to the filthy conditions, and Defendants were deliberately indifferent to his medical issues (Doc. 1, pp. 1, 4).

Plaintiff asserts that he complained about these conditions to each of the Defendants as well as to other Jail staff, but nothing was done to correct the problems.  He now seeks compensatory and punitive damages for the claimed constitutional violations (Doc. 1, p. 4).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so

sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Claims brought by pretrial detainees pursuant to § 1983 arise under the Fourteenth Amendment and not the Eighth Amendment. *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). Thus, for 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

Accepting Plaintiff's allegations as true, the Court finds that the following claims survive review under § 1915A, and shall proceed for further consideration:

> **Count 1:** Fourteenth Amendment claim against all Defendants for subjecting Plaintiff to unconstitutional living conditions which posed a danger to his health, including a filthy living and sleeping area, vermin infestation, exposure to the odor of human waste, and denial of adequate cleaning supplies;
>
> **Count 2:** Fourteenth Amendment claim against all Defendants for denying Plaintiff adequate opportunity for physical exercise to maintain his health.

However, Plaintiff's allegations regarding the small portions of food (**Count 3**), inadequate access to the law library (**Count 4**), and deliberate indifference to his medical needs

(**Count 5**) fail to state a claim upon which relief may be granted, and shall be dismissed.

Plaintiff's complaint does not disclose the dates or duration of his confinement at the Jail. The length of time that an inmate is subjected to unsanitary conditions, as well as the degree of risk posed by those conditions, are factors for the Court to consider in evaluating whether the conditions rose to the level of a constitutional violation. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm). Similarly, a short-term deprivation of the ability to exercise or engage in physical activity while imprisoned may not amount to a constitutional violation. *See Harris v. Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988) (28-day denial not unconstitutional). However, longer periods without exercise may state a constitutional claim. *See Delaney v. DeTella*, 256 F.3d 679, 683-85 (7th Cir. 2001) (6-month denial states a claim; a strong likelihood of injury is present after 90 days). Despite the lack of specifics as to the duration of these deprivations, Plaintiff has outlined sufficient facts at the pleading stage to proceed on his claims in Counts 1 and 2 against all the named Defendants.

**Dismissal of Count 3 – Small Food Portions**

In some circumstances, a prisoner's assertion that he was denied food may satisfy the objective element of a deliberate indifference claim – which is that he suffered a serious deprivation of some basic human need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (denial of food for three to five days at a time created a genuine issue of material fact as to an inmate's Eighth Amendment

claim).  *See also Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days is unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health.").

Unlike those cases cited above where prisoners were denied all food for some period of time, Plaintiff does not claim that he missed any meals.  Instead, he complains that the food portions were too small and not in conformance with the Jail's menu.  This alone does not suggest that the servings were inadequate to sustain basic health, and nothing in the complaint indicates that the deprivation rose to the level of a constitutional violation.  For this reason, Count 3 fails to state a claim upon which relief may be granted, and shall be dismissed without prejudice.

**Dismissal of Count 4 – Access to Law Library**

Plaintiff makes only one brief reference to this issue, stating merely that he was subjected to "inadequate access to law library" (Doc. 1, p. 1).  He does not indicate whether he was prevented from pursuing any civil claim, or harmed in his ability to defend against a criminal charge.

"[T]he mere denial of access to a prison law library or to other legal materials is

not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

In the instant case, the complaint contains no hint that Plaintiff was denied access to the courts as a result of his inability to access the law library. Therefore, Count 4 shall be dismissed without prejudice.

**<u>Dismissal of Count 5 – Deliberate Indifference to Medical Needs</u>**

According to the complaint, Plaintiff was housed in conditions which posed a serious risk to his health. However, he does not claim to have suffered any actual illness or medical symptoms during his stay at the Jail, nor does he state that he sought any particular medical treatment which was denied to him.

Plaintiff's medical claim consists of the following statement: "The plaintiff was being Subjected deliberately indifference [sic] Medical treatment after being notified of the Medical issues that could arise from the unclean and unhealthy Jail Conditions. The defendants were aware of this Constitutional Violation and did nothing to correct it." (Doc. 1, p. 4). This is exactly the kind of conclusory statement, devoid of any facts, which is insufficient to state a constitutional claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

In order to state a claim for deliberate indifference to medical needs, a prisoner "must establish (1) an objectively serious medical condition; and (2) an official's deliberate

indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). While Plaintiff may proceed on his claims in Counts 1 and 2, which suggest that he faced a serious risk of physical harm due to the conditions of confinement, his allegations fall short of showing that he suffered from an objectively serious medical condition. Therefore, Count 5 shall also be dismissed without prejudice.

**Pending Motion**

Along with his complaint, Plaintiff filed a "Motion to advise the Court of the defendants['] personal Knowledge of Violations Claimed within the Civil Rights Complaint" (Doc. 2). In it, he states that he complained to a number of Jail officials about the conditions, thus all the Defendants should have been aware of the problems. Defendant Bridges saw the conditions himself on a daily basis. Plaintiff then asks the Court to "accept the unrebuttable facts that defendants knew about the Constitutional violations and did nothing to subside them" (Doc. 2, p. 3).

It is premature at this stage of the case, when Defendants have not yet been served with the complaint nor filed any responsive pleading or motion, for the Court to make such a factual finding. Accordingly, the motion (Doc. 2) is **DENIED** without prejudice.

**Disposition**

**COUNTS 3, 4, and 5** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **McLAUREN, DINGES, BRIDGES, REID,** and **SCOTT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk

or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 16, 2014**

s/ MICHAEL J. REAGAN
United States Chief District Judge
